**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CAROLYN BAKER, ET AL.,                    CASE NO. 1:05CV227
    PLAINTIFFS                              (BECKWITH, C.J.)
                                          (HOGAN, M.J.)
    VS.

CHEVRON USA, INC., ET AL.,
    DEFENDANTS


**REPORT AND RECOMMENDATION AND ORDER**

Before the Court is Defendant Chevron USA's (Chevron) Notice of Non-Compliance with the *Lone Pine* Order and Motion for Sanctions (Doc. 45), Plaintiff's Brief in Opposition (Doc. 48) and Defendant Chevron's Reply (Doc. 50). Also before the Court is Plaintiff's Request for Oral Argument (Doc. 51). With respect to the latter Motion, the Court finds that it has sufficient information to make an appropriate ruling without oral argument and therefore denies that Motion. Also before the Court is Defendant's Motion for an Extension of Time to Respond to Plaintiff's Second Amended Complaint (Doc. 44). Defendant's Motion is denied as moot as will be understood from the analysis which follows.


**BACKGROUND INFORMATION**

There are multiple Plaintiffs in this case, some of which claim physical injury and some of which claim property damage as a result of exposure to toxic chemicals. Defendant Chevron operated a refinery in Hooven, Ohio for approximately one year before closing the refinery in May, 1986. Prior to 1986, the refinery was operated by Gulf Oil Co. for approximately 25 years. Chevron purchased Gulf Oil Co. in 1986. In order to facilitate discovery in this complex case, the Court entered a modified version of a *Lone Pine* Case Management Order in August, 2006. See *Lore v. Lone Pine Corp.*, 1986 N.J. Super. LEXIS 1626) According to this Order, Plaintiffs were to produce affidavits from qualified physicians setting forth the nature of the injury sustained and the date of the diagnosis. For those Plaintiffs claiming property damage, the Order

was even more simple and it was to produce an affidavit from each property owner setting forth the address (including the auditor's tax block and lot number) for the property claimed to have declined in value.  The purpose of the modified *Lone Pine* Order was to initiate discovery by identifying the Plaintiffs, the nature of the injury claimed and to identify the property involved.

## DEFENDANT'S ARGUMENT

Although the various Plaintiffs claim to have been exposed to a wide variety of toxic chemicals, Defendants complain that they have no knowledge of which contaminant caused what injury.  That argument is specious at this point for the modified *Lone Pine* Order was not a substitute for discovery.  Plaintiffs do not have the burden of demonstrating causation, but simply to identify themselves and produce medical proof of the existence of an injury or condition.  Defendants make a similar argument when they complain that Plaintiffs' First Amended Complaint does not tell them when the property was contaminated or identify the specific contaminant.  That argument is also specious because all Plaintiffs had to do was to identify the property claimed to have been contaminated.

Defendants, however, also argue that Plaintiffs did not even identify themselves or the property allegedly contaminated.  Defendants claim that there is no uniformity between the Plaintiffs described in the pleadings and those submitting brochures and that instead of medical proof of physical impairments, Plaintiffs either self-diagnosed themselves or produced the affidavit of a toxicologist, not a medical doctor.  Defendants also claim that Plaintiffs failed to identify the subject property in any meaningful manner.

## PLAINTIFFS' DEFENSE

Plaintiffs argue that they have properly pleaded their case under Rule 8, apparently ignoring the fact that the *Lone Pine* Order imposes additional burdens upon them.  However, Plaintiffs then represent that they have supplemented their responses by Exhibits E and F, two spreadsheets identifying 312 Plaintiffs, 88 of which also have property damage claims. Although the *Lone Pine* Order required Plaintiffs to identify the property by tax block and lot number, Plaintiffs argue that they have submitted copies of the deeds and consider this to be better information than required by the *Lone Pine* Order.  Plaintiffs admit that they have produced no affidavit from a medical doctor as evidence that Plaintiffs or any of them have a

medical condition, but argue that a toxicologist holding a Ph.D. is either the equivalent or a step better.

## OPINION

Neither party is entitled to exaggerate the facts in order to secure a favorable Order. Defendants are not confused as to the identity of either the various Plaintiffs or the affected property. Their insistence upon tax block and lot information when supplied with deeds is insisting on form in place of substance. On the other hand, Plaintiffs were ordered to submit proof in affidavit form from a physician that they have a medical condition. They were not ordered to submit any proof of causation. Plaintiffs have, instead, responded with an affidavit of a toxicologist (Exhibit H) whose affidavit fails to state any connection to the various Plaintiffs. Such an affidavit is hardly the equivalent of a physician's affidavit. Plaintiffs' argument that a toxicologist is more qualified to testify about the link between the contaminant and an individual Plaintiff's medical condition is completely off point. The point was and is to list the appropriate person or persons to testify about the various Plaintiffs' medical condition, a subject completely different from causation by chemical contaminants. Defendants cannot conduct efficient discovery unless Plaintiffs supply them with the names of the physician who will testify about the nature of their maladies.

Because securing an affidavit from their or any physician may cause them to incur a medical expense, the need for which may be questionable at this point in the litigation, Plaintiffs may simply list the name of the physician who is expected to testify about the nature of their condition. The purpose of requiring each Plaintiff to state the date when the diagnosis was first made was to eliminate claims that may have preexisted the operation of the refinery; however, such claims would be minimal in light of the date of last operation in 1886.

The appropriate sanction is dependent upon Plaintiffs' compliance with this modified Order. Plaintiffs are given until June 12, 2006 to fully comply with today's Order. Those Plaintiffs asserting personal injury claims who submitted no information (ie. a brochure) and those Plaintiffs who submitted a brochure, but listed no medical condition must be dismissed from this case with prejudice in our opinion. Those Plaintiffs asserting property damage claims who submitted no information identifying their property by street address, auditor/recorder records or by submitting a copy of the deed must be dismissed with prejudice in our opinion.

Plaintiffs shall further amend their Complaint to assert the claims of those remaining  Plaintiffs and this Third Amended Complaint shall be filed on or before June 12, 2006.

## CONCLUSION

**IT IS THEREFORE RECOMMENDED**: that those Plaintiffs asserting personal injury claims who failed to submit any information describing the nature of their conditions as of January 20, 2006 be dismissed with prejudice as should those Plaintiffs asserting property damage claims who failed  to identify the subject property on or before January 6, 2006.

**IT IS THEREFORE ORDERED**: that Plaintiffs file a Third Amended Complaint listing all Plaintiffs who have identified themselves, stated the nature of their medical conditions and listed the names of their doctors and described their real property.  It is also ordered that Plaintiffs who have identified a medical condition, produce the name and current address of the physician who can establish the existence of such a condition.  All Orders shall be accomplished on or before June 12, 2006.


s/Timothy S. Hogan

May 12, 2006
_____
Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Carolyn Baker, et al.,
      Plaintiff,                    Civil Action No. 1:05-cv-0227

      vs.

Chevron USA, Inc., et al.,        (Beckwith, J.; Hogan, M.J.)
      Defendant.

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).