UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CAROLYN BAKER, et al. | ) |
| | ) |
| Plaintiffs, | ) CASE NO. 1:05-CV-227 |
| | ) |
| vs. | ) |
| | ) |
| CHEVRON USA, INC., et al. | ) |
| | ) |
| Defendants. | ) |

O R D E R

The matter is before the Court on Defendant's objection (Doc. No. 57-1 at 10-14) to Magistrate Judge Timothy Hogan's May 12, 2006 modifications of his original case management order. (Doc. No. 52.) For the reasons that follow, Defendant's objection is not well-taken and is OVERRULED.

I.  BACKGROUND

This case involves multiple Plaintiffs pursuing a variety of personal injury and/or property damage claims as a result of exposure to toxic chemicals. (Doc. No. 52 at 1.) Defendant Chevron USA, Inc. operated the refinery from where the alleged contamination originated in Hooven, Ohio, for one year after it purchased Gulf Oil Co. in 1986. Id. This Court assigned Magistrate Judge Hogan to oversee pretrial and discovery matters. (Doc. No. 2.)

Magistrate Judge Hogan issued a modified version of a Lone Pine case management

[ 1 ]

order in August, 2005. (Doc. No. 24); see Lore v. Lone Pine Corp., 1986 N.J. Super. LEXIS 1626 (N.J. Super Ct. Nov. 18, 1986) at *2-*6. In that order, Magistrate Judge Hogan ordered Plaintiffs who filed personal injury claims to submit an affidavit from

> a qualified expert or experts which sets forth, to a reasonable degree of scientific certainty, the following:
>
> . . .
>
> > ii. For each plaintiff, the date the identified illness was diagnosed, including the name and address of the medical care provider who made the diagnosis[.]

(Doc. No. 24 at 1.) Magistrate Judge Hogan also ordered those Plaintiffs submitting property damage claims to submit an expert affidavit asserting, inter alia, "the property address, including tax block and lot number, for the property alleged to have declined in value." Id. at 1-2. Plaintiffs did not comply with the order for the personal injury claims, instead submitting an affidavit from a toxicologist asserting only that the expert had reviewed the data and had not yet reached a conclusion regarding Plaintiffs' health problems and their connection to environmental contamination. See (Doc. No. 37-2 at 4). Nor did Plaintiffs comply with the order for the property damage claims, instead submitting as identification in some cases a copy of the deed for the affected property. Id. In other cases, Plaintiffs did not identify the property alleged to have been damaged in any way. Id.

      On May 12, 2006, Magistrate Judge Hogan issued a revised Lone Pine order in which he recommended dismissing with prejudice those Plaintiffs with personal injury claims who submitted no "brochure" of information as ordered in the first Lone Pine order or those who submitted a brochure but listed no medical condition. (Doc. No. 52 at 3.) Magistrate Judge Hogan ordered Plaintiffs to file an amended Complaint to clarify the claims of remaining

[ 2 ]

Plaintiffs. Id. at 4.  For the remaining personal injury claims, Magistrate Judge Hogan ordered Plaintiffs to identify, by June 12, 2006, a physician who would be expected to testify about the nature of the medical conditions Plaintiffs claim and those conditions' links to the alleged contamination.  Id.

Furthermore, Magistrate Judge Hogan recommended dismissing with prejudice those property damage claims by Plaintiffs who submitted no information identifying their property either by street address and auditor/recorder records, or by a copy of the deed.  (Doc. No. 52-1 at 3-4.)  Magistrate Judge Hogan ordered each remaining Plaintiff with property damage claims to simply identify or otherwise describe the real property that is the basis of each Plaintiff's claim. Id.

Defendant argues that eliminating the expert affidavit requirement from the original Lone Pine order does not sufficiently promote a just pretrial process designed to eliminate confusion in Plaintiffs' claims, and that Magistrate Hogan's reasoning in eliminating the requirement is misguided.  (Doc. No. 57-1 at 10.)  Therefore, Defendant seeks an order from this court requiring either dismissal of all personal injury claims or, in the alternative, requiring all Plaintiffs to comply with Magistrate Judge Hogan's original Lone Pine order by reinstating the expert affidavit requirement for the personal injury claims.  (Doc. No. 57-1 at 10-13.)  Furthermore, Defendant requests the property owner affidavit requirement be reinstated with regard to the real property claims, simply because "compliance with this task should not have been excused sua sponte by the Magistrate."  (Doc. No 57-1 at 14.)

## II. ANALYSIS

[ 3 ]

The district court has supervisory authority over any orders of the magistrate judge issues pursuant to a referral of pretrial matters. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. On a non-dispositive matter, the district court should defer to the magistrate judge's order unless it is "found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Massey v. City of Ferndale, 7 F.3d 506, 509 (6th Cir. 1993).

In this case, Defendant requests that this Court substitute its judgment for the magistrate's by reinstating the physician affidavit requirement and property owner affidavit requirement as ordered in the first Lone Pine order of August 3, 2005. Since the magistrate judge's order was neither clearly erroneous or contrary to law, this Court denies Defendant's request.

Magistrate Judge Hogan's order is not clearly erroneous. "A judicial finding is deemed to be clearly erroneous when it leaves the reviewing court with 'a definite and firm conviction that a mistake has been committed.'" Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles, 75 F. Supp. 2d 835, 840 (W.D. Tenn. 1999) (quoting Heights Cmty. Cong. v. Hilltop Realty, Inc., 774 F.2d 135, 140 (6th Cir. 1985)). Under the clearly erroneous standard, a court reviewing a magistrate judge's order should not ask whether the finding is the best or only conclusion that can be drawn from the evidence. Id. Further, this standard does not permit the reviewing court to substitute its own conclusion for that of the magistrate judge. Rather, the clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable. Id.

In Haworth, Inc. v. Herman Miller, Inc., 1995 U.S. Dist. LEXIS 18153, *1-*2 (W.D. Mich. May 5, 1995), the district court held that the magistrate judge's case management order was not clearly erroneous, and therefore not subject to alteration, where the order clearly and

accurately outlined the facts of the case, showed good reasoning, and promoted efficiency and fair play between the parties. Here, Magistrate Judge Hogan showed similarly skilled reasoning in his revised Lone Pine order of May 12, 2006. Magistrate Judge Hogan appropriately chastised Plaintiffs for their failure to comply with his original order, then recommended an appropriate alternative course of action:

> Plaintiffs' argument that a toxicologist is more qualified to testify about the link between the contaminant and an individual Plaintiff's medical condition is completely off point. The point was and is to list the appropriate person or persons to testify about the various Plaintiffs' medical condition [sic], a subject completely different from causation by chemical contaminants. Defendants cannot conduct efficient discovery unless Plaintiffs supply them with the names of the physician [sic] who will testify about the nature of their maladies.
>
> Because securing an affidavit from their or any physician may cause them to incur a medical expense, the need for which may be questionable at this point in the litigation, Plaintiffs may simply list the name of the physician who is expected to testify about the nature of their condition.

(Doc. No. 52 at 3.). Magistrate Judge Hogan further recommended that those Plaintiffs who submitted no information or listed no medical condition should have their claims dismissed with prejudice. Id. Magistrate Judge Hogan's order illustrates good reasoning and promotes efficiency in litigation as well as fair play between the parties. Magistrate Judge Hogan's revised order comports with the Rules of Civil Procedure in that it allows Defendant to obtain the information it needs to effectively rebut Plaintiffs' claims without imposing undue burdens on Plaintiffs. See Fed. R. Civ. P. 1 ("[These rules] shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.").

Additionally, despite Defendant's disagreement with the magistrate, his revised case management order allowing a Plaintiff to assert a property claim without submitting an affidavit was not clear error. The magistrate judge reasoned that since Defendant was on

[ 5 ]

notice of the precise property where each Plaintiff alleges damage to have occurred, requiring Plaintiffs to submit tax block and lot information when the deed has already been supplied would be "insisting on form in place of substance." (Doc. No. 52 at 3.) This shows good reasoning and promotes judicial efficiency. Therefore, the Court may not substitute its judgment for that of the magistrate.

Since this Court finds evidence that supports Magistrate Hogan's order and which indicates that his order was reasonable, it is not clearly erroneous.

Nor does this Court find the magistrate judge's order to be contrary to law. In a Lone Pine order, the court may revise and extend the pretrial case management orders to allow for fairness and judicial efficiency to both parties. See Lone Pine, 1986 N.J. Super. LEXIS 1626 at *2-*6. Pursuant to the authority of 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, Magistrate Judge Hogan issued a revised case management order. This order allowed Plaintiffs one final opportunity to properly comply with the discovery orders. As a non-dispositive order issued by the magistrate judge charged with pretrial matters, this course of action was not contrary to law.

Defendant concedes that its arguments, which ask the Court to require specific evidence of causation, are not applicable at this stage of the litigation. (Doc. No. 57-1 at 12-13.) Defendant's reliance on holdings from other districts, requiring proof of causation of plaintiffs' injuries, were orders issued in response to motions for summary judgment. See (Doc. No. 57-1 at 12-13) (citing In Re: Meridia Products Liability Litigation, 328 F. Supp. 2d 791, 798 (N.D. Ohio 2004); Nelson v. Tenn. Gas Pipeline Co., 2002 U.S. Dist. LEXIS 13620 at *13-14 (W.D. Tenn. June 10, 2002)). Here, that comparison is inapposite. Rather than

[ 6 ]

reaching a judgment on the merits, as a summary judgment motion would require the court to do, here the magistrate judge is simply trying to establish a discovery process which is efficient and just.

### III. CONCLUSION

For the reasons stated, the Court finds that Magistrate Hogan's <u>Lone Pine</u> case management order of May 12, 2006 is not clearly erroneous nor contrary to law. Defendant's objection, therefore, is not well-taken and is OVERRULED. This Court hereby AFFIRMS Magistrate Judge Hogan's order of May 12, 2006.

**IT IS SO ORDERED**

DATE: <u>August 4, 2006</u>     s/ Sandra S. Beckwith
                                Sandra S. Beckwith, Chief Judge
                                United States District Court